IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CIVIL ACTION
ROCCO PALMA :
: NO. 16-3259

## MEMORANDUM

GOLDBERG, J.                                                                             NOVEMBER 3 , 2016

Plaintiff Rocco Palma, a prisoner at the State Correctional Institution at Huntingdon, brings this action pursuant to 42 U.S.C. § 1983, based on conditions at the Curran-Fromhold Correctional Facility (CFCF), where he was incarcerated in 2009. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint as untimely.

I.     FACTS

The complaint alleges that "in 2009 around Jan 9," while plaintiff was incarcerated at CFCF, he was "placed in a cell that all ready [sic] had 2 inmates."[1] (Compl. ¶¶ II.B & II.D.) Plaintiff was "told to sleep in a portable rubber bed" that caused him back pain. (*Id.* ¶¶ II.D & III.) The complaint does not identify any defendants. In his request for relief, plaintiff asks for "help . . . with a little cash." (*Id.* ¶ V.)

II.     STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim.

---

[1] A search on the Unified Judicial System of Pennsylvania Web Portal revealed that plaintiff was arrested in January of 2009, and charged with various criminal offenses in the Philadelphia courts. He was sentenced in June of 2009, and has been serving his sentence in state prison.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.  DISCUSSION

Plaintiff's complaint fails to identify any defendants responsible for the alleged violation of his rights. However, even if plaintiff could identify any such defendants, his claims fail because they are time-barred.

In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years. *See* 42 Pa. Cons. Stat. § 5524. The limitations period began running "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Plaintiff seeks to recover damages for allegedly unconstitutional conditions in which he was incarcerated in 2009. Plaintiff knew or should have known of those conditions at the time he was subjected to them in 2009. However, he did not file this lawsuit until June of 2016.[2] Accordingly, it is apparent from the face of the complaint that plaintiff's claims are untimely.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint as time-barred, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will not be given leave to amend because it appears that amendment would be futile. An appropriate order follows.

---

[2] The complaint does not reflect when it was delivered to prison officials for mailing, but it was signed on June 13, 2016 and received by the Court on June 21, 2016.